James C. Eschen
California Bar No. 117010
55 River Street, Suite 100
Santa Cruz, CA 95060-4567
Tel:  (831) 458-0502
Fax:  (831) 426-0159
Email: Eschenlaw@cruzio.com

Attorney for plaintiff Cassar Industries, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSÉ DIVISION

| | |
|---|---|
| CASSAR INDUSTRIES, INC., doing business as FLEXSWEEP INDUSTRIES,<br><br>*Plaintiff,*<br><br>*v.*<br><br>HORIZON GLOBAL AMERICAS, INC. doing business as CEQUENT CONSUMER PRODUCTS,<br><br>THE AMES COMPANIES, INC., doing business as HARPER BRUSH WORKS,<br><br>*Defendants.* | No. 5:18-cv-7280<br><br>**Complaint for Damages and Injunctive Relief** |

Plaintiff Cassar Industries, Inc. complains as follows:

1. Cassar Industries is a California corporation with its principal place of business in Santa Cruz County, California.

2. Defendant Horizon Global Americas, Inc. is a Delaware corporation with its principal place of business in Plymouth, Michigan. Horizon Global Americas is the successor corporation to Laitner Brush Company and to Cequent Consumer Products, Inc.

3. Defendant the AMES Companies, Inc. is a Delaware corporation with its principal place of business in Camp Hill Pennsylvania. The AMES Companies bought Harper

Brush Works from Horizaon Global Americas in 2018.

4. This court has jurisdiction of this case under Title 28, United States Code, section 1338.

**FIRST COUNT (Contributory Trademark Infringement)**

5. Plaintiff incorporates paragraphs 1 through 4 into this count.

6. In 2001, the United States Patent and Trademark Office issued patent number 6,279,189 to Simon Cassar for a "flexible insert with stop limits for brush broom handles" that makes brush handles virtually unbreakable. Cassar assigned the patent to plaintiff.

7. In 2008, plaintiff began selling FlexSweep broom connectors to defendants.

8. After Cequent Consumer Products bought Laitner Industries, it continued to buy FlexSweep broom connectors. Cequent marketed the connectors on brooms and mops under the brand names Laitner, Cequent, and Harper, placing them on the following products:

| Cequent Product No. | Product |
| --- | --- |
| 918 | Deck scrub brush |
| 1421 | 28-inch indoor broom |
| 1422, 1422A | 18-inch heavy-duty broom |
| 1423, 1423A | Outdoor rough 18-inch broom |
| 1425A | 24-inch soft-sweeping indoor push broom |
| 1426A | 24-inch medium sweeping push broom |
| 1434, 1434A | 24-inch heavy-duty contractor-grade push broom |
| 1435, 1435A | 24-inch rough-surface push broom |
| 574552A | 24-inch squeegee |

9. Defendants marketed their products to distributors as incorporating FlexSweep connectors, including by describing its products as "Laitner FlexSweep" brooms and squeegees and as containing "flexsweeps [*sic*] patented shock absorbing connector."

10. In 2013, plaintiff registered the trademark "FlexSweep" with the Patent and

Trademark Office for use on brooms and mops.

11. In 2015, defendants stopped incorporating FlexSweep connectors into their products.

12. Defendants neither told its distributors that their products no longer incorporated FlexSweep connectors nor changed the product numbers. As a result, defendants' distributors continued marketing the products as incorporating FlexSweep connectors.

13. The continued distribution of defendants' brooms and squeegees as incorporating FlexSweep connectors has taken advantage of plaintiff's goodwill in the name "FlexSweep." It has injured plaintiff by depriving it of sales to persons intending to buy its unbreakable connector. Defendants have caused plaintiff injury in an amount to be determined at trial.

14. Plaintiff's injuries are irreparable because it cannot recover the goodwill that defendants have taken advantage of.

15. Unless this court requires defendants to notify their customers that its products do not contain FlexSweep connectors, plaintiff will continue to suffer irreparable injury.

**SECOND COUNT (False Description, against all defendants)**

16. Plaintiff incorporates paragraphs 1 through 15 into this count.

17. After defendants stopped buying plaintiff's connectors, they marketed their brooms as having a "patented unbreakable connector."

18. Defendants' description of the new connectors is misleading. A design patent protects the connectors. To the average consumer, the word "patented" connotes a technological innovation, not a unique design. Defendants strengthened that connotation by juxtaposing to "patented" the word "unbreakable," suggesting that the patent concerns to the connector's unbreakable nature.

19. Defendants misleading description of its connectors injures plaintiff because it has the only invention patent for an unbreakable connector.

20. Defendants' misleading description of its connector has caused plaintiff to lose

Complaint for Damages and Injunctive Relief

sales of its patented connector in an amount to be determined at trial.

21. Defendants' continued use of its connector as patented will cause plaintiff irreparable injury.

Wherefore, plaintiff prays judgment as follows:

1. Compensatory damages;

2. Preliminary and permanent injunctions (1) mandating that defendants inform their distributors that its products no longer incorporate defendants' connectors and (2) prohibiting defendants from describing their products as containing "patented unbreakable" connectors when no invention patent protects them.

3. Costs of suit, including reasonable attorney's fees.

Dated: November 29, 2018

James C. Eschen
Attorney for plaintiff Cassar Industries, Inc.

Complaint for Damages and Injunctive Relief