# Exhibit A

James C. Eschen
California Bar No. 117010
55 River Street, Suite 100
Santa Cruz, CA 95060-4567
Tel:    (831) 458-0502
Fax:   (831) 426-0159
Email: Eschenlaw@cruzio.com

Attorney for plaintiff Cassar Industries, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Cassar Industries, Inc.,<br>    *Plaintiff,*<br>v.<br>Horizon Global Americas, Inc.,<br>    *et al., etc.,*<br>    *Defendants.* | No. 18-cv-07280-SK<br><br>**Plaintiff's Responses to Defendants' First Set of Requests for Production** |

Objection to Instructions: Plaintiff will produce electronically-stored information in only one format. That format may be a TIFF, JPG, or a reasonably usable native format, as plaintiff determines.

1.  A representative sample of each Document and tangible thing that You have published, used, distributed, or otherwise made available to others (or that You intend in the future to publish, use, distribute, or otherwise make available to others) that advertises, markets, or otherwise promotes the sale of any FlexSweep Product, including, but not limited to, video or radio commercials, audio recordings, videos, emails, letters, mailings, marketing or sales brochures, promotional materials or items, pamphlets, boxes or packaging, items, trinkets, novelties, swag, advertising giveaways, literature, advertisements, specifications, press releases, Internet web pages or postings (including blogposts, social media messages, and advertorials), correspondence, displays, catalogs, catalog sheets, price

lists, quotations, proposals, descriptive literature, articles in trade journals or other publications, or materials prepared for trade meetings, trade shows, or conventions.

<u>Response:</u>

Objection. This request is unreasonably burdensome in that it asks for all documents for the past 19 years. Plaintiff will produce these documents produced after 2010.

2. All Documents and tangible things that concern, refer to, reflect, constitute, or evidence any money made from a FlexSweep Product, including, but not limited to, invoices, receipts, bills, contracts, agreements, purchase orders, quotations, proposals, price lists, accounts receivable records, accounting records, billing records, and sales reports.

<u>Response</u>: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place. It is unreasonably burdensome in that it asks for all documents for the past 19 years.

In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will produce documentation from Intuit, Inc. about its inability to recover those documents. Plaintiff has limited paper financial records before 2016 as well as tax returns.

3. The computer database of sales information for the FlexSweep Product maintained by You. So that the database information is produced in a readable format, You shall use Your computer software to output a spreadsheet (preferably in .XLS or .XLSX format) from the database that reports, on a line-item basis, each individual sale of a FlexSweep Product, where each row is a sales transaction and the columns in the spreadsheet contain the following database fields for each transaction: (a) a description of product sold; (b) quantity sold; (c) price charged, both per unit and total, and price paid (if different); (d) Date of transaction; (e) customer's name and address; (f) Your cost; and (g) Your net and gross profit. If any of these fields are not available, then You shall contact Horizon to meet-and-confer regarding other fields that may be available to meet Horizon's evidentiary needs.

Response: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place. It is unreasonably burdensome in that it asks for all documents for the past 19 years.

In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will produce documentation from Intuit, Inc. about its inability to recover those documents. Plaintiff has limited paper financial records before 2016 as well as tax returns.

4. To the extent the Documents are not produced by You in Response: to other discovery requests, for each sale of a FlexSweep Product, Business Records sufficient to show: (a) a description of the product sold, (b) quantity sold, (c) price charged and price paid (if different from price charged), (d) Date of transaction, (e) customer's name and address, (f) Your cost, and (g) Your net and gross profit.

Response: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place. It is unreasonably burdensome in that it asks for all documents for the past 19 years.

In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will produce documentation from Intuit, Inc. about its inability to recover those documents. Plaintiff has limited paper financial records before 2016 as well as tax returns.

5. All Documents and tangible things that concern, refer to, reflect, constitute, or evidence Your conception, creation, development, and launch of the FlexSweep Mark.

Response: Objection. This request is irrelevant in that defendants have not pleaded the mark's invalidity as an affirmative defense to its incontestability under 15 U.S.C. § 1115(b).

6. All Documents and tangible things that concern, refer to, describe, support, or evidence any damages that You seek against Horizon or AMES in this action.

Response: Plaintiff will produce these documents.

7. All Documents and tangible things that constitute, concern, refer to, describe, or evidence any Communication between You and Horizon or AMES concerning the FlexSweep Mark or this dispute, including (without limit) emails, letters, text messages, and notes.

Response: Plaintiff will produce these documents.

8. All Documents and tangible things that constitute, concern, refer to, describe, or evidence any Communications between You and any third-party in which You asserted the FlexSweep Mark or requested that a third-party stop using that mark, including (without limitation) cease-and-desist letters, emails, complaints, letters, text messages, and notes.

Response: Plaintiff will produce these documents.

9. All Documents that support Your contention that You have sufficient legal interest in the FlexSweep Mark to have standing to proceed as a plaintiff in this action.

Response: Objection. This request is irrelevant in that defendants have not pleaded the mark's invalidity as an affirmative defense to its incontestability under 15 U.S.C. § 1115(b).

10. All Documents and tangible things that concern or evidence Your decision to sue Horizon or AMES.

Response: Objection to the extent the attorney-client and work-product rule protects responsive documents. Plaintiff will produce nonprivileged responsive documents.

11. All Documents and tangible things that record, describe, evidence, refer to, or concern Your conception, creation, development, analysis, clearance, selection, approval, or adoption of the FlexSweep Mark.

Response: Objection. This request is irrelevant in that defendants have not pleaded the mark's invalidity as an affirmative defense to its incontestability under 15 U.S.C.

§ 1115(b).

12. All Documents concerning or evidencing Your first knowledge of contributory infringement of the FlexSweep Mark as alleged in Your complaint.

<u>Response</u>: Plaintiff will produce responsive documents except to the extent that "concerning" implicates the attorney-client privilege.

13. All Documents concerning or evidencing any direct infringement of the FlexSweep Mark to which You contend Horizon or AMES contributed

<u>Response</u>: Plaintiff will produce responsive documents except to the extent that "concerning" implicates the attorney-client privilege.

14. All Documents and tangible things that concern, refer to, reflect, constitute, or evidence any business arrangement involving the FlexSweep Mark or FlexSweep Products, including (without limitation) any distributor agreements, licenses, agreements, contracts, deals, memoranda of understanding, assignments, settlements, royalty agreements, or purchase agreements.

<u>Response</u>: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place. It is unreasonably burdensome in that it asks for all documents for the past 19 years.

15. All Documents concerning legal interests, rights, or obligations in or to the FlexSweep Mark, including without limitation, assignments, licenses, or other legal instruments.

<u>Response</u>: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place. It is unreasonably burdensome in that it asks for all documents for the past 19 years.

16. All Documents that evidence that You have used the FlexSweep Mark in connection with brooms.

Response: Objection. This request is irrelevant in that defendants have not pleaded the mark's invalidity as an affirmative defense to its incontestability under 15 U.S.C. § 1115(b).

17. All Documents that concern, refer to, reflect, constitute, or evidence business deals that involve third-parties selling, reselling, retailing, distributing, or advertising any FlexSweep Product.

Response: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place. It is unreasonably burdensome in that it asks for all documents for the past 19 years.

In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will produce documentation from Intuit, Inc. about its inability to recover those documents. Plaintiff has limited paper financial records before 2016 as well as tax returns.

18. All Documents evidencing Your finances in 2010 and subsequent years, including (without limitation): quarterly and annual financial statements or reports; profit-and-loss statements; federal tax returns with all schedules and attachments; audit reports, notes, or comments; management, cost, and sales reports; statements or other communications to securities and industry analysts, investors, potential investors, stockholders, members, officers ,or members of Your Board of Directors; and accounting records showing revenue, gross and net profit, overhead, material costs, production costs, labor costs, storage costs, shipping costs, general and administrative costs, fixed and variable expenses, and assets.

Response: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place.

19. All Documents evidencing annual costs or expenses that are attributable, in whole

or in part, to any of the FlexSweep Products, including (without limitation) production costs, material costs, labor costs, storage costs, overhead, shipping costs, general and administrative costs, fixed expenses, variable expenses, rent, lease payments, taxes, revenue, earnings, and profits for each year since 2010.

Response: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place.

In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will produce documentation from Intuit, Inc. about its inability to recover those documents. Plaintiff has limited paper financial records before 2016 as well as tax returns.

20. Documents evidencing Your annual expenses for advertising and marketing since 2010.

Response:Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place.

In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will produce documentation from Intuit, Inc. about its inability to recover those documents. Plaintiff has limited paper financial records before 2016 as well as tax returns.

21. All Documents evidencing annual profits that are attributable, in whole or in part, to any of the FlexSweep Products since 2010.

Response: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place.

In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will produce documentation from Intuit, Inc. about its inability to recover those documents. Plaintiff has limited paper financial records before 2016 as well as tax returns.

22. All Documents evidencing annual revenues that are attributable, in whole or in part, to any of the FlexSweep Products since 2010.

1    <u>Response</u>: Objection. This request calls for confidential business information that
2    plaintiff will not produce without a protective order in place.
3         In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will
4    produce documentation from Intuit, Inc. about its inability to recover those documents.
5    Plaintiff has limited paper financial records before 2016 as well as tax returns.

7    23. All federal tax returns for every year since 2010, including all exhibits,
8    attachments, forms, and schedules.
9         <u>Response</u>: Objection. This request calls for confidential business information that
10   plaintiff will not produce without a protective order in place.

12   24. All documents evidencing the amount of money that You have spent on
13   marketing and advertising any of the FlexSweep Products since 2010.
14        <u>Response</u>: Objection. This request calls for confidential business information that
15   plaintiff will not produce without a protective order in place.
16        In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will
17   produce documentation from Intuit, Inc. about its inability to recover those documents.
18   Plaintiff has limited paper financial records before 2016 as well as tax returns.

20   25. All Documents, including Communications, that record, describe, evidence
21   concern, or refer to any Person questioning whether You (or one of Your goods or
22   services) is the same as or related to Horizon, AMES, or one of their goods or services.
23        <u>Response</u>: Plaintiff will produce all documents responsive to this request except to the
24   extent that it implicates the attorney-client privilege.

26   26. All Documents, including Communications, that record, describe, refer to, or
27   concern any Person manifesting the mistaken belief, suspicion, or confusion that: (a) You
28   (or one of Your goods or services) is, or is related to, Horizon, AMES, or one of their

goods or services, or vice versa.

Response: Plaintiff will produce all documents responsive to this request except to the extent that it implicates the attorney-client privilege.

27.  To the extent they were not produced in Response to prior discovery requests, all Documents evidencing actual confusion between You (or one of Your goods and services) and Horizon or AMES (or one of their goods or services), or vice versa.

Response: Plaintiff will produce all documents responsive to this request except to the extent that it implicates the attorney-client privilege.

28.  A printout of each distinct webpage (including past, archived webpages) on which You promote, or have promoted, the FlexSweep Mark or a FlexSweep Product.

Response: Plaintiff will produce all current webpages. Plaintiff does not maintain past webpages.

29.  All projections, business plans, marketing plans, marketing surveys, sales plans, consumer surveys, brand awareness tests, or other market studies that concern the FlexSweep Mark or a FlexSweep Product.

Response: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place. It is unreasonably burdensome in that it asks for all documents for the past 19 years.

30.  All Documents and tangible things, including Communications, that describe, refer, or relate to Horizon or this lawsuit.

Response: Plaintiff will produce all documents responsive to this request except to the extent that it implicates the attorney-client and spousal privileges.

31. All Documents and tangible things that support or refute the amount of revenues that You identify in Response to Interrogatory No. 3, including (without imitation) any Document You review or rely upon in responding to Interrogatory No. 3.

Response: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place. It is unreasonably burdensome in that it asks for all documents for the past 19 years. The term *refute* is ambiguous. Insofar as it means *disprove*, plaintiff has no such documents.

In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will produce documentation from Intuit, Inc. about its inability to recover those documents. Plaintiff has limited paper financial records before 2016 as well as tax returns.

32. All Documents and tangible things that support or refute the amount of costs that You identify in Response to Interrogatory No. 4, including, without limitation, any Document You review or rely upon in responding to Interrogatory No. 4.

Response: Objection. This request calls for confidential business information that plaintiff will not produce without a protective order in place. It is unreasonably burdensome in that it asks for all documents for the past 19 years. The term *refute* is ambiguous. Insofar as it means *disprove*, plaintiff has no such documents.

In addition, plaintiff's accounting records were lost in the cloud in 2016. Plaintiff will produce documentation from Intuit, Inc. about its inability to recover those documents. Plaintiff has limited paper financial records before 2016 as well as tax returns.

33. All Documents and tangible items identified, described, relied upon, viewed, considered, or referred to in responding to any interrogatory or other written discovery request in this action.

Response: Plaintiff will produce all documents responsive to this request except to the extent that it implicates the attorney-client and spousal privileges.

34. All Documents that You provided to, or that were reviewed by, a Person who may testify as an expert witness in this matter.

<u>Response</u>: Objection. This request invades attorney-work product.

35. All Documents or tangible things described, identified, or referred to in Your initial disclosures and in any supplements to them.

<u>Response</u>: All such documents have already been produced with the intial disclosures.

36. All Documents and tangible things that relate to, refer to, reflect, constitute, or evidence any Communication between You and any Person who may testify as an expert witness in this matter that: (a) relates to compensation for the expert's study or testimony; (b) identifies facts or data that You or Your attorney provided that the expert considered in forming his or her opinions; or (c) identifies assumptions that You or Your attorney provided that the expert relied on in forming his or her opinions.

<u>Response</u>: Objection. This request invades attorney-work product.

37. All Documents and tangible things that relate to, refer to, reflect, constitute, or evidence any third-party use of the term "FlexSweep," alone or in combination with other words.

<u>Response</u>: All such documents will be produced.

38. To the extent they were not produced in <u>Response</u> to other discovery requests, all Documents and tangible things that show or evidence that Horizon or AMES used the FlexSweep Mark on or in connection with a product that did not contain a FlexSweep connector supplied by Cassar.

<u>Response</u>: To the extent they exist, all such documents will be produced.

39. To the extent they were not produced in <u>Response</u> to other discovery

11

Plaintiff's Responses to Defendants' First Set of Interrogatories

requests, all Documents and tangible things that show or evidence that Horizon or AMES contributed to third-parties' infringement of the FlexSweep Mark.

Response: To the extent they exist, all such documents will be produced.

40. To the extent they were not produced in Response to other discovery requests, all Documents and tangible things that show or evidence the monetary value of the FlexSweep Mark, including (without limitation) any documents concerning the value of the goodwill inherent in the mark.

Response: To the extent they exist, all such documents will be produced.

41. To the extent they were not produced in Response to other discovery requests, all Documents and tangible things that show or evidence that Horizon or AMES marked unpatented products as patented.

Response: To the extent they exist, all such documents will be produced.

42. To the extent they were not produced in Response to other discovery requests, all Documents and tangible things that show or evidence that Horizon or AMES falsely described or falsely designated itself or any of its products or services.

Response: To the extent they exist, all such documents will be produced.

Dated: September 4, 2019

James C. Eschen
Attorney for plaintiff Cassar Industries, Inc.