1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASSAR INDUSTRIES, INC.,

        Plaintiff,

      v.

HORIZON GLOBAL AMERICAS, INC., et al.,

        Defendants.

Case No.  18-cv-07280-SK

**ORDER REGARDING DISCOVERY DISPUTES AND TIMING OF DEPOSITIONS**

Regarding Docket Nos. 46, 47

       The parties have submitted a joint letter brief regarding several disputes that have arisen as they strive to complete fact discovery.  (Dkt. 46.)  The fact discovery cutoff in this case was September 13, 2019.  (Dkt. 37.)  Plaintiff either objects to producing or has yet to produce discovery materials in six categories.  The Court is not convinced that Plaintiff has set forth a sufficient basis for withholding any of the discovery Defendants seek.  The parties also seek to reschedule the 30(b)(6) and individual depositions of Simon Cassar (Dkt. 47), which the Court has ruled may occur after the fact discovery cutoff (Dkt. 42).  The Court addresses each issue below.

       **1.**     **Document Production in General.**

       Defendants contend that Plaintiff still has not produced relevant documents.  Plaintiff responds that production has been slow due to the small scale of its corporate operations.  The Court ORDERS Plaintiff to produce within two (2) business days of this Order all of the documents that are responsive to Defendants' First Set of Requests for Production and all documents incorporated by reference in its other discovery responses.

       **2.**     **Answers to Interrogatories 1, 2; Requests for Production 5, 11, 16.**

       These interrogatories and requests for production seek information relevant to the validity of the trademark at issue.  Defendants argue this information is relevant because it could bear on

1   the strength of the trademark, Plaintiff's entitlement to incontestability, and a potential defense

2   against validity or incontestability.  Plaintiff contends that because its trademark has become

3   incontestable, the requested information is not relevant.  The Court agrees with Defendants' theory

4   of relevance and ORDERS that Plaintiff answer interrogatories 1 and 2 and respond to requests for

5   production 5, 11, and 16 within two (2) business days of this Order.

6           **3.**      **Answers to Interrogatories 3, 4.**

7          These interrogatories seek information regarding the revenue and profits Plaintiff earned

8   associated with the trademark at issue.  Plaintiff formerly objected to production due to concerns

9   about confidentiality.  The Court entered a stipulated protective order on September 12, 2019.

10  (Dkt. 45.)  Defendants contend that Plaintiff still has not produced the information; Plaintiff

11  responds that it is currently compiling the data and hopes to produce it shortly.  The Court

12  ORDERS Plaintiff to answer Interrogatories 3 and 4 within two (2) business days of this Order.

13          **4.**      **Requests for Production 2-4, 17-24, 31-32.**

14         These requests for production seek sales and financial records.  Plaintiff objects to the

15  chronological sweep of the requests, arguing that Defendants erroneously seek 19 years' worth of

16  records because the whole period of the trademark's use is not relevant, particularly as the

17  contestability of the trademark is not at issue.  For the reasons stated above in issue two, and

18  because the Court considers that the full financial records pertaining to the trademark's use are

19  generally relevant, the Court ORDERS Plaintiff to respond to Requests for Production 2-4, 17-24,

20  and 31-32 within two (2) business days of this Order.

21          **5.**      **Request for Production 9.**

22         This request for production seeks information relevant to Plaintiff's standing.  Plaintiff

23  argues that because its trademark has become incontestable, documents pertinent to its ownership

24  of the trademark are irrelevant.  Defendants argue that Plaintiff's standing to assert incontestability

25  is a distinct issue from incontestability itself, and the relevant ownership documents might also

26  bear on potential defenses.  The Court agrees with Defendants and ORDERS Plaintiff to respond

27  to Request for Production 9 within two (2) business days of this Order.

28  / / /

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1

**6.      Requests for Production 14, 15, 29.**

2

These requests for production seek information relevant to valuation, damages, and the

3

strength of the trademark.  Plaintiff contends that the scope of these requests is overbroad because

4

it spans the full 19 years since the trademark began to be in use.  Defendants argue that the entirety

5

of the trademark's history of use is relevant.  The Court again agrees with Defendants and

6

ORDERS that Plaintiff respond to Requests for Production 14, 15, and 29 within two (2) business

7

days of this Order.

8

**7.      Timing of Depositions.**

9

Because fact discovery remains incomplete, the Court recognizes that it may be impossible

10

for Defendants' counsel to adequately prepare for the currently scheduled individual and Rule

11

30(b)(6) depositions of Simon Cassar, which the Court has ordered may occur after the fact

12

discovery deadline.  Accordingly, the parties may postpone the depositions of Cassar to a mutually

13

agreeable time after Plaintiff has completed its full production, allowing time for Defendants'

14

counsel to review the information produced in advance of the depositions.  However, the

15

depositions of Cassar may take place no later than October 11, 2019.

16

**IT IS SO ORDERED**.

17

Dated: September 24, 2019



18

_____

19

SALLIE KIM
United States Magistrate Judge

20

21

22

23

24

25

26

27

28